**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**RICKY MOORE**                                                      **PLAINTIFF**

**V.**                                                    **CASE NO. 4:04CV130**

**WINFRED HILL, et al**                                        **DEFENDANTS**

**ORDER**

This cause comes before the Court on the plaintiff's appeal of the magistrate's November 17, 2005 order denying his motion for jury trial [65-1]. The magistrate based his decision on the fact that Fed. R. Civ. P. 38(b) and Uniform Local Rule 38.1(A) require a party to serve his demand for trial by jury of any issue "not later than 10 days after the service of the last pleading directed to such issue. . . ." Fed. R. Civ. P. 38(b). The order also noted that a request for a jury trial not presented within that time limit would be considered at the court's discretion. Uniform Local Rule 38.1(B). It is undisputed that the plaintiff, Ricky Moore, failed to make a timely demand for a jury trial.

Moore's pro se appeal appears to raise only two arguments for concluding that the magistrate abused his discretion in denying the request for a jury trial. First, Moore notes that Fed. R. Civ. Pro. 15(a) and (c) grant him the right to amend his pleadings. However, the docket sheet reflects that he has not filed any sort of motion to amend his pleadings to include a request for a jury trial, and since Moore concedes that a motion to amend may be denied due to undue delay, the Court fails to see the relevance of this argument. Second, Moore relies on the fact that he was never informed by the magistrate of his opportunity to request a trial by jury due to the fact that he is a pro se litigant. However, Moore cites no authority for the proposition that a magistrate judge is obligated to provide legal advice to a pro se litigant, and while pro se litigants are typically given wide latitude in

conducting cases that is greater than that available to practicing attorneys, the Court thinks that at a minimum, a pro se litigant should be expected at a minimum to familiarize himself with both the Federal Rules of Civil Procedure and the Uniform Local Rules so as to avoid the loss of those rights subject to waiver, which include the right to a jury trial in a civil case.

The plaintiff's appeal of the magistrate's order denying the demand for a jury trial is DENIED.

This is the 27th day of January, 2006.

                                        **/s/ Michael P. Mills**
                                        **UNITED STATES DISTRICT JUDGE**